### STAGNER et al. v. WILLIS. (No. 1502.)

(Court of Civil Appeals of Texas. El Paso. June 7, 1923.)

Partnership ⬥240—Broker, withdrawing from firm and reserving interest in pending business, held not entitled to share in a particular commission.

Where a real estate firm, at the time of withdrawal of one of its members, who reserved an interest in the business and prospects then listed, had a particular farm listed, and were engaged in attempting to effect a sale with a particular prospect, which sale subsequently failed, the withdrawing partner, by reason of his reservation of an interest in the business then pending, was not entitled to share in the commission earned by the firm in later effecting a sale between the same parties for the same land, where in the later negotiations the firm acted at the request and on behalf of the purchaser and not the vendor.

Appeal from Taylor County Court; D. G. Hill, Judge.

Action by T. M. Willis against Allen Stagner and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered for defendants.

Stinson, Coombes & Brooks, of Abilene, for appellants.

Dallas Scarborough, of Abilene, for appellee.

HIGGINS, J. T. M. Willis, Allen Stagner, and J. A. Meaders were partners in the real estate business, each owning a one-third interest. On September 21, 1920, Willis sold his interest in the business to Mrs. Mollie Sees, "retaining my interest in all sales and

prospects up to and including this date." This sale was made with the consent of Stagner and Meaders, who assented to the stipulation quoted:

On November 4, 1920, the new firm effected a sale by G. R. Davis to J. M. Chaney of two ranches owned by the former. Subsequently Willis brought this suit against Stagner and Meaders to recover one-third of a commission alleged to have been received by them for effecting the sale. The jury found that the property so sold was "one of the pieces of property in which the plaintiff retained an interest in all sales and prospects of property in the hands of Willis, Stagner & Meaders as real estate agents on September 21, 1920." Thereupon judgment was rendered in favor of Willis for one-third of the commission received by defendants.

The only question presented, which need be considered, relates to a refusal of a peremptory instruction in their favor requested by appellants. The evidence is undisputed, and shows that prior to May, 1920, Davis had the ranches listed for sale with the firm, and about the 1st of that month negotiations were instituted by the firm between Taylor and Chaney, but no sale was effected. Thereafter, and during the summer of 1920, Davis, through another agent, sold the ranches to a Mr. Fambrough, and thereupon withdrew the listing with the firm of Willis, Stagner & Meaders.

About November 1st, the new firm, through Stagner, was negotiating with Chaney trying to sell him other land. While these negotiations were pending, it was suggested by either Chaney or Stagner that the sale by Davis to Fambrough had fallen through, and Stagner might be able to get Davis to sell to Chaney. The sale to Fambrough in fact had been canceled at that time. Thereupon Stagner went to see Davis, who at first refused to price the land at all, but Stagner finally induced him to take the matter up with Chaney, which he did, and on November 4th, contracted to sell to Chaney. It is conclusively shown that in these negotiations the new firm was acting at the instance of, and as the agent of Chaney, and not of Davis. The latter would not agree to pay the firm a commission and did not do so. The commission was paid by Chaney.

Upon the facts stated, it is clear beyond controversy that, prior to the withdrawal of Willis from the firm, the agency of the firm for Davis had terminated, and the land sold to Fambrough. The subsequent sale to Chaney originated in entirely new negotiations by the new firm as the agent of Chaney. The sale consummated on November 4th was in no sense a prospect at the time Willis withdrew on September 21st, and the court erred in refusing the peremptory instruction.

Reversed and rendered for appellants.